862 F.2d 870
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles F. MARSHALL, Petitioner-Appellant,
v.
STATE OF NORTH CAROLINA; Nathan A. Rice, Warden; Attorney
General of North Carolina, Respondents-Appellees.
 No. 88-7576.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 29, 1988.
Decided: Nov. 10, 1988.
 
 Charles F. Marshall, appellant pro se.
 Barry Steven McNeill (Office of the Attorney General), for appellees.
 Before WIDENER, K.K. HALL and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Charles F. Marshall, a North Carolina inmate, seeks to appeal the district court's denial of his petition for writ of habeas corpus brought under 28 U.S.C. Sec. 2254. Because we determined that his appeal lacks merit, we deny a certificate of probable cause and dismiss the appeal.
 
 
 2
 Marshall challenges his conviction on three counts of first degree sexual offense, eight counts of taking indecent liberties with minors, and two counts of disseminating harmful materials to minors. Marshall pleaded guilty to the charges pursuant to a plea agreement, but now contends that (1) his confession to one of the offenses was coerced; (2) his guilty plea was involuntary; and (3) he received ineffective assistance of counsel.
 
 
 3
 Marshall's first contention, that his confession to one of the charges was coerced, is irrelevant to the disposition of the case except as it relates to his ineffective assistance of counsel claim. Marshall entered a guilty plea, and that plea forecloses any further inquiry into a possible constitutional deprivation during his interrogation. Tollett v. Henderson, 411 U.S. 258 (1973); McMann v. Richardson, 397 U.S. 759 (1970).
 
 
 4
 Marshall's second claim, that his guilty plea was involuntary, turns on the theory that he confessed to one of the charges in a potentially inadmissible confession, and that he expected to receive a lighter sentence than he actually received. Under McMann, however, Marshall's mistaken belief about his confession is not sufficient to render his subsequent guilty plea involuntary. 397 U.S. at 769. Further, the record discloses that Marshall engaged in a colloquy with the trial court judge at the guilty plea proceeding. During the colloquy, Marshall stated under oath that he understood the charges against him, the maximum sentence, and the terms of the plea agreement; that he understood his rights; that he knew he was waiving his right to a jury trial by pleading guilty, and that he had not been coerced or threatened into entering a guilty plea. These declarations under oath are conclusive absent some compelling reason why they should not be believed, Via v. Superintendent, Powhatan Correctional Center, 643 F.2d 167 (4th Cir.1981), which Marshall fails to present.
 
 
 5
 Marshall's final claim is that his guilty plea should be deemed involuntary because he received ineffective assistance of counsel. After a review of the record, only two of Marshall's allegations regarding effectiveness of counsel warrant extensive discussion. Marshall contends that prior to the plea agreement, his attorney told him that if he entered a guilty plea he would receive a sentence of 20 years and that he would be pardoned in five years. Marshall was actually sentenced to life in prison for three counts of first degree sexual offense and one count of taking indecent liberties with a minor, 10 years for the remaining seven counts of taking indecent liberties with a minor, and two years for the charges of disseminating harmful materials to minors. The latter two sentences are to run concurrently with the life sentence.
 
 
 6
 Marshall asserts that his counsel was ineffective because there was a substantial disparity between the sentence his attorney predicted and the actual sentence he received. This claim is without merit, however, because the statement alleged to have been made by Marshall's attorney was made, if at all, before the plea agreement was negotiated. Marshall agreed to the plea agreement as negotiated with the longer sentence. He also stated in his colloquy with the court that he knew he was receiving the life sentence, ten year sentence, and two year sentence in exchange for his guilty pleas. Therefore, he cannot now be heard to complain that he believed he would receive a lighter sentence.
 
 
 7
 Marshall also contends that his counsel was ineffective in failing to challenge his confession. It is possible that Marshall's confession would indeed have been inadmissible had the case gone to trial, and that his attorney's failure to challenge the confession or to advise Marshall of the possible merits of such a challenge would prove to be unreasonable under the first prong of Strickland, 466 U.S. 668 (1984). Cf. Kimmelman v. Morrison, 477 U.S. 365 (1986). Even if this were the case, however, Marshall's claim must still fail because he does not allege any prejudice resulting from his attorney's failure to challenge the confession. Indeed, he stated in the contested confession that he would do anything to avoid subjecting the alleged victims to the ordeal of testifying; he also does not challenge in his petition the sufficiency of the government's evidence against him in the absence of the confession. Thus Marshall's claim fails the prejudice prong of Strickland. See Hill v. Lockhard, 474 U.S. 452 (1985).
 
 
 8
 Accordingly, we deny a certificate of probable cause and dismiss the appeal. We dispense with oral argument because the facts and legal arguments are adequately presented in the record and the decisional process would not be significantly aided by oral argument.
 
 
 9
 DISMISSED.